| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

SARAH ANNE HAPNEY, §
§
            Plaintiff, §
§
*versus* §     CIVIL ACTION NO. 9:21-CV-76-MAC
§
COMMISSIONER OF SOCIAL SECUIRTY, §
§
            Defendant. §

## ORDER OVERRULING OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION

The Plaintiff, Sarah Hapney ("Hapney"), requests judicial review of a final decision of the Commissioner of Social Security Administration with respect to her application for disability-based benefits. The court referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this court. The magistrate judge submitted a report recommending that the Commissioner's decision be affirmed. The court has considered the Report and Recommendation filed on February 2, 2023 (#21) and the Plaintiff's Objections (#22).

Hapney asserts objections to two of Judge Stetson's findings in her Report and Recommendation: (1) that the ALJ's step two analysis was proper regarding her gastrointestinal impairments; and (2) that the ALJ properly considered the medical opinion evidence regarding her mental residual functional capacity (RFC). (#22.)

Specifically, Hapney's first objection asserts that her symptoms noted in the treatment records show that her gastrointestinal impairment is severe. As pointed out by Judge Stetson, the ALJ cited to the correct severity standard and evaluated her gastrointestinal impairments by discussing various evidence in the record, including her colonoscopy results, consultative exam

1

with Dr. Richard Baker, and treatment records with Dr. Reddy. (Tr. 21-22.) Moreover, the state agency consultants' opinions that her gastrointestinal medical issues were not a severe impairment provide further support from the record. (Tr. 74, 85.) In addition, ALJ Gutierrez found Hapney's gastrointestinal issues did not meet the duration requirement of lasting for a *continuous* period of not less than twelve months. (Tr. 22.) Hapney argues that her treatment notes for a visit in June 2020, where she complained of lower back pain, flank pain, and abdominal pain, show that she had a gastrointestinal impairment for over a year. (#22, at 4.) This treatment record, however, assessed Hapney with a urinary tract infection. (Tr. 621-623.) At best, her gastrointestinal issues are episodic as stated by the ALJ, as opposed to *continuous*. *See* 42 U.S.C. § 423(d)(1)(A) (The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity" because of a medical impairment "which has lasted or can be expected to last[1] for a continuous period of not less than 12 months[.]"). Moreover, Hapney cannot rely merely on evidence that her *diagnosis* of gastrointestinal issues would subsist for at least a year. *Dise v. Colvin*, 630 F. App'x 322, 326 (5th Cir. 2015) (A "diagnosis is not, itself, a functional limitation."). It is Hapney's burden to provide evidence of limitations and show that her impairment had more than a minimal effect on her ability to work at the time of the ALJ's review. SSR 85-28, 1985 WL 56856, at *3 (Jan. 1, 1985).

Further, even if the ALJ improperly evaluated this impairment as not severe at step two, this error is harmless if the ALJ proceeds to the remaining steps and considers whether to assess limitations associated with that non-severe impairment in his RFC analysis. *See e.g., Gibbons*

---

[1] "[T]he SSA clarified that the 'expected to last' issue arises 'only when the claim is being adjudicated within 12 months after the onset of the person's inability to work and the evidence shows that the impairment currently prevents substantial gainful activity.'" *Ware v. Kijakazi*, No. CV H-20-1275, 2022 WL 347618, at *4 (S.D. Tex. Jan. 19, 2022), *R. & R. adopted*, 2022 WL 345649 (S.D. Tex. Feb. 3, 2022) (quoting 65 Fed. Reg. 42772-1, 2000 WL 925487, at *42774 (2000)). Hapney argues this point, but her onset date was January 15, 2019, and the ALJ's decision was dated November 2020. (Tr. 20-29.)

*v. Colvin,* No. 3:12–CV–0427–BH, 2013 WL 1293902, at *16 (N.D. Tex. Mar. 30, 2013) (any error at step two in assessing the claimant's mental impairment was harmless). In this case, the ALJ considered Hapney's gastrointestinal impairments in detail at step two and found them not severe. The court agrees with Judge Stetson's findings that the ALJ did a proper analysis of the severity of her impairments. In addition, contrary to Hapney's assertions in her objections, the ALJ also *considered* Hapney's gastrointestinal impairments and their limiting effects in evaluating her RFC, but ultimately found that a limitation for such issues in her RFC was not supported by the evidence in the record. He noted her complaints of nausea and vomiting and Dr. Baker's consultative exam. (Tr. 25-27.) Moreover, there is substantial evidence in the record supporting this finding, and there are no medical opinions in the record that assess limitations for such impairments. Thus, there was no harmful error in this case. *See Campbell v. Saul*, No. 2:21-CV-00010, 2022 WL 17729261, at *11 (S. D. Tex. Aug. 10, 2022), *R. & R. adopted*, 2022 WL 17722666 (S. D. Tex. Aug. 25, 2022) (finding no error where ALJ found depression non-severe and assessed no mental limitations in the RFC for such).

Hapney's second objection argues that Judge Stetson's finding that the ALJ properly considered the opinion evidence as to her mental RFC should be rejected. (#22, at 6.) She asserts that the ALJ mischaracterized Dr. David McLendon's opinion by not discussing his findings that her abstract thinking was poor; she could only do simple, but not complex, math; and she could not spell the word "world" backward. (*Id.*) Dr. McLendon stated in his report the following about cognition and concentration:

> **Sensorium and Cognition**
> Sensorium was judged to be clear. She did not appear to be confused. She was oriented as to time, place, person, and situation. Her fund of information appeared to be limited for current events. She knew the name of the president of

3

> the United States and could name the three presidents before him. Her intelligence appeared to be about average.
>
> **Concentration and Attention**
> She could do simple but not complex math. She could spell the word WORLD forward but not backward. It was not necessary to repeat questions or instructions.

(Tr. 328.) ALJ Gutierrez summarized these findings by stating that the exam notes showed that Hapney had intact concentration with good cognitive function. (Tr. 27.) The court does not think this is an unfair characterization, particularly given the fact that the ALJ also assessed Hapney limitations in this area stating:

> Regarding mental function, the work is limited to simple work, meaning one, two, or three-step tasks performed at a non-forced or non-assembly line pace without productions rate pace.

(Tr. 24.) The ALJ also noted that the exam showed that she was cooperative with good behavior, and had some normal activities of daily living such as driving, attending church, and taking care of her grandmother. (Tr. 27.) As to consistency, he noted her lack of mental health treatment in the record, which was inconsistent with her statement that she was currently receiving treatment. (Tr. 26-27.)

Hapney also argues that ALJ Gutierrez's decision is without substantial support because he found all three mental medical opinions unpersuasive. Although he found Dr. McLendon's opinion unpersuasive, he still relied upon it to the extent he found her mental impairments severe at step two and assessed RFC limitations for such given there were no other treatment records regarding her mental health. ALJ Gutierrez also found state agency medical consultants Dr. Scales' and Dr. White's opinions unpersuasive (because they found no severe mental impairments) and stated that their opinions were inconsistent with Dr. McLendon's exam that

4

reflected more limitations in her ability to work, which indicates his partial reliance on that opinion. (Tr. 27-28.) Thus, he did not wholly reject this medical opinion.

Further, it is ALJ Gutierrez's job to determine the credibility of the various medical reports and craft the RFC based on all the relevant medical and other evidence. 20 C.F.R. §§ 404.1545, 404.1546; *Taylor v. Astrue*, 706 F.3d 600, 602-03 (5th Cir. 2012). Here, the ALJ assessed a more restrictive mental RFC than the state agency medical consultants who found no severe mental impairment, and he incorporated the supported parts of Dr. McLendon's report in the mental RFC. (Tr. 27.) Hapney's assertion that the RFC determination is not supported by substantial evidence and lacks explanation is without merit. *See Webster v. Kijakazi*, 19 F.4th 715, 719 (5th Cir. 2021) ("Though the ALJ neither adopted the state agency report verbatim nor accepted the testimony of Dr. Small, it cannot be said that his decision was not based on substantial evidence or that he improperly applied the relevant legal standards."); *Moore v. Comm'r*, No. 3:20-CV-241-SA-DAS, 2021 WL 2834395, at *2 (N.D. Miss. July 7, 2021) (finding that the medical source regulations do not "obligate the ALJ to incorporate every limitation suggested by the [medical source] report, nor do the regulations require the ALJ to expressly address the persuasiveness of every opinion within every report").

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. See FED. R. CIV. P. 72(b). After careful consideration, the court concludes that the objections are without merit because the magistrate judge properly found that the ALJ's application of the sequential analysis was free from legal error and supported by substantial evidence. Accordingly, the Court ADOPTS the magistrate judge's recommendation, OVERRULES the Plaintiff's objections, and AFFIRMS the Commissioner's denial of benefits.

A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 3rd day of March, 2023.

*Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE